UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AQUIL AMEEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:19-cv-1011-GMB ) |
| BMW OF NORTH AMERICA, LLC *et al.*, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Aquil Ameen brings negligence, product liability, and breach of warranty claims against Defendant ZF Friedrichshafen, Inc. ("ZF"). Doc. 37. ZF has filed a motion to dismiss for lack of capacity to be sued under Federal Rule of Civil Procedure 9(a) and lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Docs. 65 & 68.[1] The court ordered Ameen to respond to the motion (Doc. 70), but he has not filed a response. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Docs. 26 & 67. For the following reasons, the motion is due to be granted.

### I. STANDARD OF REVIEW

---

[1] ZF filed a motion to dismiss on November 13, 2020. Doc. 65. On November 19, 2020, it filed a supplement to its motion to dismiss. Doc. 68. Although both filings have been docketed as pending motions, they are better conceptualized as one motion to dismiss (Doc. 65) with supplemental exhibits (Doc. 68). Therefore, to the extent the supplement has been categorized as a pending motion, it is ORDERED that this motion (Doc. 68) is MOOT.

A Rule 12(b)(2) motion tests the court's exercise of personal jurisdiction over a defendant. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citing *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999)).  Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).  When the issue of personal jurisdiction is decided on the evidence, but without a discretionary hearing, a plaintiff demonstrates a *prima facie* case of personal jurisdiction by submitting evidence sufficient to defeat a motion for directed verdict pursuant to Federal Rule of Civil Procedure 50(a). *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir. 2006).  At this stage, the court construes the allegations in the complaint as true if they are uncontroverted by affidavits or deposition testimony, and where there are conflicts the court construes all reasonable inferences in favor of the plaintiff. *Id.*; *Whitney Info. Network, Inc. v. Xcentric Ventures*, LLC, 199 F. App'x 738, 741 (11th Cir. 2006).

## II.  FACTUAL BACKGROUND

Ameen alleges in his First Amended Complaint that he was driving his 2005

BMW 325ci on the highway when he was struck by another car in June 2017. Doc. 37 at 10.  His airbag failed to deploy properly during the collision. Doc. 37 at 10.  He suffered serious injuries, including broken bones and headaches. Doc. 37 at 10.

The cause of his airbag's failure to deploy was a faulty airbag control unit ("ACU"). Doc. 37 at 12–13.  Ameen alleges that the ACU in his vehicle was one of many defective ACUs manufactured by ZF. Doc. 37 at 3–4 & 14.  Ameen also claims that his "driver's side door impact airbag system" failed to work properly and injured him. Doc. 37 at 11.  Finally, Ameen alleges that ZF delivered its products "into the stream of commerce with the expectation that they [would] be purchased by consumers in . . . Alabama." Doc. 37 at 4.  According to Ameen, ZF was "doing business in the state of Alabama, selling [its] defective airbag product to consumers." Doc. 37 at 9.

ZF has submitted affidavit testimony in support of its motion.  ZF offers the affidavit of David J. Council, who is Litigation Counsel for the ZF Group of companies, in support of its jurisdictional facts. Doc. 68-1 at 2.  Counsel states that ZF was organized under the laws of Delaware in 2004 but dissolved in 2005. Doc. 68-1 at 3 & 6.  At this time, it has no principal place of business. Doc. 68-1 at 3.  ZF has no contacts with Alabama because ZF no longer exists. Doc. 68-1 at 3–4.

ZF also claims that it did not manufacture the ACU in Ameen's car. Doc. 65 at 4.  Its affidavit testimony supports this claim. Doc. 68-1 at 3.  ZF claims that a

3

Case 2:19-cv-01011-GMB Document 72 Filed 03/12/21 Page 4 of 9

company named "Bosch" manufactured the ACU. Doc. 65 at 4. ZF bases its claim on data downloaded from the ACU. Doc. 65-1 at 14. In an affidavit, Emanuel Goodman, Senior Technical Specialist for ZF Active and Safety Electronics US LLC, explains that he used Google Translate to decipher the downloaded data because it was in German. Doc. 65-5 at 1 & 3–4. He asserts that the Google translation to English appeared to be plausible based on his experience in reviewing and interpreting ACU download data. Doc. 65-5 at 3. The data indicates that Bosch manufactured the ACU, and Goodman identifies Bosch as a ZF competitor. Doc. 65-5 at 4.

ZF also claims that a company named "TRW AS GmbH" manufactured the side airbag module. Doc. 65 at 5. ZF submitted a photograph of the side airbag module, which has a label reading in part "TRW AS GmbH." Doc. 65-2. ZF's affidavit affirms that this label indicates that the module was manufactured by TRW AS GmbH and that the entity's full name is TRW Airbag Systems GmbH (now ZF Airbag Germany GmbH). Doc. 65-5 at 4. Council indicates that ZF had no relationship with TRW Airbag Systems GmbH at the time it would have manufactured any airbag in Ameen's car. Doc. 68-1 at 3.

### III. DISCUSSION

In its motion to dismiss, ZF argues (1) that it lacks the capacity to be sued and (2) that this court lacks personal jurisdiction over it. Doc. 65 at 3. The court agrees

4

with both of ZF's arguments and therefore finds that its motion to dismiss is due to be granted.

A.   **Lack of Capacity to Be Sued**

ZF argues that it cannot be sued because it longer exists. Doc. 65 at 7.  A party may raise an argument regarding its capacity to be sued by specifically denying its capacity and stating any supporting facts. Fed. R. Civ. P. 9(a).  To determine a corporation's capacity to be sued, we must look to the laws of the state under which it was incorporated. Fed. R. Civ. P. 17(b)(2).  ZF offers undisputed evidence that it was incorporated under the laws of Delaware. Doc. 68-1 at 6.  Under Delaware law, a corporation continues to exist for three years after its dissolution for the purpose of defending lawsuits. Del. Code Ann. tit. 8, § 278.  ZF's evidence indicates that it was dissolved in 2005. Doc. 68-1 at 6.  Therefore, ZF could not have been sued after 2008. *See Eicher v. Dover Indus., Inc.*, 2009 WL 840247, at *3 (W.D. Pa. Mar. 27, 2009) (granting motion to dismiss when defendant Delaware corporation had been dissolved more than three years before lawsuit was filed).  For these reasons, ZF lacks the capacity to be sued.

B.   **Lack of Personal Jurisdiction**

In a diversity action, the court "undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute, and (2) not violate the Due Process

Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp.*, 556 F.3d at 1274. Because Alabama's long-arm statute "permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution," *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355–56 (11th Cir. 2000), the court need only consider whether the exercise of jurisdiction satisfies due process. *Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir. 1992). Due process requires: (1) that the defendant have "certain minimum contacts" with the forum state, and (2) if such minimum contacts exist, that the exercise of jurisdiction over the defendant "'does not offend traditional notions of fair play and substantial justice.'" *Burnham v. Sup. Ct. of Cal.*, 495 U.S. 604, 618 (1990) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "This two-part test embodies the controlling due process principle that a defendant must have 'fair warning' that a particular activity may subject it to the jurisdiction of a foreign sovereign." *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1545 (11th Cir. 1993).

The Due Process Clause allows for two types of personal jurisdiction: general and specific personal jurisdiction. *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017) (citing *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For either general or specific jurisdiction to comport with due process, the defendant must have certain minimum contacts with the state, and

the "minimum contacts inquiry focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). "This inquiry ensures that a defendant is haled into court in a forum state based on the defendant's own affiliation with the state, rather than the random, fortuitous, or attenuated contacts it makes by interacting with other persons affiliated with the state." *Id.* (citations and quotation marks omitted).

A court has general jurisdiction over a corporation when the corporation has connections to the forum state that are so "continuous and systematic" as to render it at home there. *Id.* (internal citations and quotation marks omitted). "The 'paradigm all-purpose forums' in which a corporation is at home are the corporation's place of incorporation and its principal place of business. *Id.* at 1317 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). Outside of those locations, a defendant's connections with a state will only be significant enough to render it at home there in an "exceptional case." *Id.* (quoting *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017)).

This court does not have general jurisdiction over ZF. Ameen asserts that ZF has its principal place of business in Germany, Doc. 37 at 4, but ZF's evidence shows that it has no principal place of business because it does not exist. Doc. 68-1 at 3. In either case, ZF's principal place of business is not in Alabama. ZF has provided

7

uncontroverted evidence that it was incorporated in Delaware before its dissolution. Doc. 68-1 at 3 & 6. Ameen has not argued or provided evidence establishing that ZF otherwise has or had connections to Alabama sufficient to render it at home here.

The Eleventh Circuit uses a three-part test to determine whether a court has specific jurisdiction. *Waite*, 901 F.3d at 1313.

> First, we consider whether the plaintiffs have established that their claims "arise out of or relate to" at least one of the defendant's contacts with the forum. Second, we ask whether the plaintiffs have demonstrated that the defendant "purposefully availed" itself of the privilege of conducting activities within the forum state. If the plaintiffs carry their burden of establishing the first two prongs, we next consider whether the defendant has "ma[de] a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice."

*Id.* (internal citations omitted).

Ameen's argument that this court has specific jurisdiction over ZF also fails. Ameen makes a boilerplate assertion in his amended complaint that ZF manufactured his defective ACU. Doc. 37 at 3–4. He also alleges more generally that ZF delivered its products "into the stream of commerce with the expectation that they [would] be purchased by consumers in . . . Alabama" and that it was "doing business in the state of Alabama, selling [its] defective airbag product to consumers." Doc. 37 at 9. He has not provided any evidence to support these assertions.

In response, ZF has provided evidence establishing that Bosch manufactured

Ameen's ACU and that TRW AS GmbH manufactured his side airbag module. Docs. 65-1 at 14; 65-2; 65-5 at 4.  Finally, ZF has provided evidence that it had no relationship with TRW AS GmbH at the time that this company would have manufactured the airbag in Ameen's car. Doc. 68-1 at 3.  On these facts, Ameen has not met his burden to show that his claims arise out of or have any relation to any connections ZF may have had to Alabama.  Therefore, he fails the first prong of the Eleventh Circuit test for specific jurisdiction. *See Waite*, 910 F.3d at 1313. Accordingly, Ameen has not shown that this court can assert jurisdiction over ZF.

## IV.  CONCLUSION

For these reasons, it is ORDERED as follows:

1. ZF's Motion to Dismiss (Docs. 65) is GRANTED; and

2. All claims stated in the First Amended Complaint against ZF Friedrichshafen, Inc. are DISMISSED without prejudice.

DONE and ORDERED on March 12, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE